IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Davy Cady,                              )
            Plaintiff                   )
                                        )
            v.                          )
                                        )
SOUTH SUBURBAN COLLEGE *and* SOUTH)
    SUBURBAN COLLEGE BOARD OF           )
    TRUSTEES (c/o FRANK                 )
    ZUCCARELLI, CHAIRMAN)               )
    (The Board, c/o Zuccarelli,         )
    is sued in its/his official         )
    capacity for all claims;            )
    Zuccarelli is also sued in          )
    his individual capacity with        )
    respect to his failure to           )
    supervise; all defendants           )
    named below are sued in their)
    individual capacities               )
                                        )
GEORGE DAMMER                           )
    PRESIDENT                           )
                                        )
DOUG TWEETEN                            )
    *VICE PRESIDENT OF ACADEMIC*        )
    *AFFAIRS*                           )
                                        )
DONALD MANNING                          )
    *VICE PRESIDENT OF*                 )
    *ADMINISTRATION*                    )
                                        )
SUSAN PANTHER                           )
    *VICE PRESIDENT OF STUDENT*         )
    *SERVICES*                          )
                                        )
GREGORY LAWRENCE                        )
    DEAN, STUDENT DEVELOPMENT           )
                                        )
JAMES COATES                            )
    DEAN, BUSINESS AND SOCIAL           )
    SCIENCE DEPARTMENT                  )
                                        )
LEONARD CHIARO                          )
    DIRECTOR, CAMPUS SECURITY           )
                                        )
*GINA RIGHTER*                          )
    CAMPUS POLICE SERGEANT              )
                                        )

02C 8128

JUDGE PLUNKETT

MAGISTRATE JUDGE

```
RAUL AREVALO                                )
    CAMPUS POLICE OFFICER                   )
                                            )
? RODRIGUEZ                                 )
    CAMPUS POLICE OFFICER                   )
                                            )
ALEXANDER ANDERSON                          )
    CAMPUS POLICE OFFICER                   )
                                            )
ANTHONY VACCARELLO                          )
    COLLEGE INSTRUCTOR                       )
                                            )
WILLIAM NAEGELE                             )
    STUDENT DISCIPLINE COMMITTEE )
    CHAIRMAN                                 )
                                            )
CHRISTINE CALHOUN                           )
    STUDENT DISCIPLINE COMMITTEE )
    MEMBER                                   )
                                            )
JODY ELLIS                                  )
    STUDENT DISCIPLINE COMMITTEE )
    MEMBER                                   )
                                            )
STEVE SPRINGER                              )
    STUDENT DISCIPLINE COMMITTEE )
    MEMBER                                   )
                                            )
VARIOUS UNKNOWN OTHERS                      )
        DEFENDANTS                           )
                                            )
(above Defendants sued in                   )
    their individual capacities)            )
```

# COMPLAINT

## PART I. SUMMARY STATEMENT OF THE CASE

1) Plaintiff was a student at South Suburban College (henceforth "SSC") in South Holland, which is one of Illinois' many

State-chartered community colleges, and his lawsuit arises out of his year-long advocacy (Spring 2001 to Spring 2002) for the rights of all members of the SSC community- especially of students. SSC officials refused to institute Cady's reasonable requests for accountability at SSC for students, staff, and faculty and surrepticiously sent the word out to 'get Cady.' Plaintiff was arrested on trumped up charges, unlawfully forced, on only a few days notice, into a student disciplinary hearing before the conclusion of his criminal cases, thus forcing him to compromise his Fifth Amendment rights against self-incrimination and be subjected to many due-process violations of his Fourteenth Amendment rights, resulting in Plaintiff's wrongful expulsion from SSC, to the injury of the career that he was academically preparing for. This complaint combines a state action pursuant to a common law writ of certiorari for an appeal of the decision of SSC's administrative disciplinary hearing and explusion of Plaintiff with a federal action pursuant to 42 USC 1983 for Defendants' commission of various federal and state torts against him.

## PART II. JURISDICTION OF THIS COURT

Personal jurisdiction of this Court is invoked as follows:

2) All Parties have been at all times and places relevant (in the case of Plaintiff) citizens of or (in the case of Defendants) employees of or students at an institution of 'higher learning' in Cook County, Illinois.

<u>Subject matter jurisdiction of this Court is invoked as follows:</u>

3) Article I of the United States of America Bill of Rights states in relevant part:

>Congress shall make no law...prohibiting...or abridging...free speech...or the right of the people peaceably... to petition the Government for a redress of grievances.

4) Article IV of the United States of America Bill of Rights states in relevant part:

>The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated...

5) Amendment XIV of the United States of America Constitution states in relevant part:

>No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor shall any State deprive any... person within its jurisdiction [of] the equal protection of the laws.

6) Article IX of the United States of America Bill of Rights states:

>The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.

7)  42 USC 1983 states:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be sub-

jected, any citizen of the United States or other
person within the jurisdiction thereof to the
derivation of any rights, privileges, or immuni-
ties secured by the Constitution and laws, shall
be liable to the party injured in an action at
law, suit in equity, or other proper proceeding
for redress.

Procedural jurisdiction of this Court is invoked as follows:

8)  28 USC 1367, for pendent state claims

9)  28 USC 1331, the general federal question statute

10) 28 USC 1343, to cover damages under USC sec. 1983 and
1985

11) 28 USC 1651, the All Writs Act

12) 28 USC 2201, the Declaratory Judgment Act, which allows
the court to declare the rights of the parties

13) 28 USC 2202, further necessary and proper relief based
on a declaratory judgment

## PART III. THE FACTS

14)  SSC has no Code of Conduct for Staff and Faculty (that
is enforceable by SSC students through a student grievance proce-
dure) nor a formal, written student grievance procedure whereby
an SSC student may bring grievances against other members of the
college community- be they students, staff, or faculty (other
than for grade appeals, sexual harassment, or Title VII civil
rights violations).

15) After Plaintiff began advocating for same in the spring

and fall of 2001, he quickly became *persona non grata* at SSC. SSC's position toward him seemed to be, in so many words: 'we don't need what you are asking for and we don't appreciate you for inquiring about and demanding it!'

16) After a year of non-SSC response to his inquiries and demands Plaintiff received email notification on February 19, 2002 from the SSC administrator whom the SSC President had appointed to handle Plaintiff's concerns (Defendant James Coates) that SSC would not be complying with Plaintiff's demands (Exhibit A).

17) Said email failed, however, to address all of Plaintiff's demands, made either verbally or in writing before that time, so Plaintiff called its sender (Defendant Coates) on or during the period of February 20-22, 2002 to complain that Coates' response was incomplete and did not address the issues of a Code of Conduct for Staff or a student grievance procedure for grievances against any member of the SSC community (including students). When Plaintiff did not receive any email response from Defendant Coates to said verbal demands by Plaintiff, he decided to send Defendant Coates another email repeating and memorializing the rest of his demands that he had been lobbying for during the previous year, but Plaintiff did not get around to sending that email for another week.

18) Plaintiff interpreted and had every reasonable right to interpret said decision by SSC officials to constitute an an-

6

nouncement that no SSC student has a formal, specifically guaran-
teed right to "petition [his or her academic] government for re-
dress of grievances" (except for grade appeals, sexual harass-
ment, or Title VII civil rights complaints) and that, therefore,
the conduct of all members of the SSC vis-a-vis students (except
conduct dealing with grade disputes, claims of sexual harassment,
and Title VII Civil Rights complaints) was not subject to mean-
ingful student grievance procedures and so was essentially un-
regulated as far as students were concerned and 'up for grabs.'

19) Plaintiff verbally expressed this view during the time
period of February 20-22, 2002 to more than one college adminis-
trator, including Defendant Lawrence without concern on their or
his part.    They and he simply told Plaintiff that if students
ever had a problem, their and his door was always open for them
to come and discuss it.

20) Again, Plaintiff interpreted this official SSC policy to
mean that there were not any (or many) written, guaranteed rights
of students at SSC vis-a-vis other members of the SSC academic
community and that any few unwritten rights, which SSC students
did have, would be spontaneously and arbitrarily invented or de-
nied by college administrators, as the case required in order to
suit SSC's purposes.

21) Plaintiff became despondent when he realized that there
would be no relief forthcoming from the SSC administration to
remedy this unConstitutional state of students' affairs at SSC,

7

and so he resigned himself to having to deal with any eventual abusive SSC faculty, staff, or students in whatever reasonable manner he could.

22) On February 25, 2002 Plaintiff was verbally abused by a SSC staff person, Betty Majors, and Plaintiff expressed his indignation at her abuse. Consequently on February 26, 2002 SSC police arrested Plaintiff at her instigation on the trumped up criminal charge of disorderly conduct, which contains gross exaggerations and embellishments (Illinois Criminal Complaint 02MC6003811 entered as Exhibit B).

23) Plaintiff's position is that his reaction of indignation to the SSC staff person who abused him happened in part because SSC had no Code of Conduct for SSC Staff nor any formal, written procedure that provided for a SSC student to hold an SSC staff person accountable for bad behavior, thus impelling SSC students in general and Plaintiff in particular to express their and his indignation about same in whatever reasonable manner they and he found most effective.

24) Meanwhile, Plaintiff got around to responding to Defendant Coates previous email to him with his own email dated March 2, 2002, which attempted to correct the record (Exhibit C).

25) Plaintiff was subjected to a student disciplinary hearing before the resolution of the criminal charges against him, thus compromising Plaintiff's Fifth Amendment right against self-incrimination, and said hearing itself violated his Fourteenth

8

Amendment rights against violation of due process of law in numerous ways including by denying him an opportunity to examine his accuser with a court reporter present.

26) As a result, Defendant Gregory Lawrence, Dean of Students, issued summary judgment on Plaintiff with no accuser present and subjected Plaintiff to a "Behavioral Contract" dated March 18, 2002 (Exhibit D), which was based on the SSC Student Code of Conduct, p. 3 of the SSC Student Handbook (Exhibit E).

27) On April 17, 2002 Plaintiff was verbally abused in an SSC classroom by a SSC student, Frederick Woolery, and Plaintiff expressed his indignation at his abuse and invited Woolery to continue the argument in private outside (in the hallway). Consequently on April 17, 2002 SSC police arrested Plaintiff at Woolery's instigation on the trumped up criminal charges of disorderly conduct and assault that contain gross exaggerations and embellishments (Illinois Criminal Complaint 02MC6006932 entered as Exhibit Fa and Fb).

28) Plaintiff's position is that his reaction of indignation to the SSC student who abused him happened in part because SSC had no formal, written procedure that provided for a SSC student to complain hold an SSC student accountable for bad behavior (other than for sexual harassment or Title VII civil rights violations), thus impelling SSC students in general and Plaintiff in particular to express their and his indignation about same in whatever reasonable manner they and he found most effective.

29) Plaintiff was subjected to a student disciplinary hearing before the resolution of the criminal charges against him, over his objections (see email of Plaintiff dated April 25, 2002, Exhibit G), ⓟ thus compromising Plaintiff's Fifth Amendment right against self-incrimination, and said hearing itself violated his Fourteenth Amendment rights against depriving him of due process of law in numerous ways, during which hearing Plaintiff's instructor, Defendant Anthony Vaccarello, misrepresented the facts in testifying against him.

30) Plaintiff was expelled from SSC by the College Disciplinary Standards Committee Hearing, per a letter from Defendant Lawrence dated May 1, 2002, (Exhibit H) received by Plaintiff, to Plaintiff's ⓟ best recollection, on May 8 or 9, 2002, since Plaintiff usually only picked up mail from his post office box on Fridays or Saturdays during that period of time.

31) Plaintiff complained to Defendant Lawrence that said expulsion letter did not constitute adequate notice, since it failed to inform Plaintiff of his rights to appeal.

32) Plaintiff was subsequently sent another expulsion letter (Exhibit I) dated May 22, 2002 (again received about a week later) which did ⓟ advise Plaintiff of his right to appeal, but which failed to advise him of the correct time period in which he had to appeal.

33) Plaintiff became- and still is- emotionally and physically distressed by the treatment that he has received at the hands of SSC and of SSC-affiliated persons, and his career and earning potential has suffered significant harm.

### PART IV. COUNT I: BILL OF RIGHTS' 1ST ARTICLE, UNCONSTITUTIONAL DEPRIVATION OF RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES

34) Plaintiff at all times and places relevant had a Constitutional right to petition his (academic) government for redress of grievances and to expect that his State-chartered community college would institute adequate formal, written procedures for implementing same.

35) Defendants at all times and places relevant had a duty to protect the Constitutional right of Plaintiff to petition his (academic) government for redress of grievances by instituting adequate formal, written procedures for implementing same.

36) Defendants violated Plaintiff's Constitutional right to petition his (academic) government for redress of grievances when they refused to institute a Code of Conduct for Staff and Faculty and adequate formal, written student grievances procedures for implementing same as well as for implementing the Student Code of Conduct.

37) Defendants at all times and places relevant were the proximate cause of the violation of Plaintiff's Constitutional right to petition his (academic) government for redress of grievances, because they held the reigns of power and they acknowledged their refusal to do so.

38) Defendants at all times and places relevant purported to

be acting under the color of state law when they violated and were the proximate cause of the violation of Plaintiff's Constitutional right to petition his (academic) government for redress of grievances, because they so alleged.

39) Plaintiff was injured by Defendants' actions by being denied his right to petition his (academic) government for redress of grievances in that he suffered loss of academic instruction and credits, imprisonment, loss of time and money in defending himself, and emotional and physical distress as a result of all of the above.

## PART V. COUNT II: BILL OF RIGHTS' 4TH ARTICLE, UNCONSTITUTIONAL SEIZURE- FALSE ARREST AND IMPRISONMENT

40) Plaintiff at all times and places relevant had a Constitutional right not to be free from unreasonable seizure of his person.

41) Defendants at all times and places relevant had a duty not to deprive Plaintiff of his Constitutional right to be free from unreasonable seizure of his person.

42) Defendants violated Plaintiff's said Constitutional right when they arrested and imprisoned him on the two occasions complained of herein without probable cause or articulable reasonable suspicion that he had committed or was about to commit a crime according to well-settled law at that time.

43) Defendants were enabled in their false arrest and im-

prisonment of Plaintiff in part by the authority of Illinois State statutes 725 ILCS 5/107-3 "Any person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed," and 725 ILCS 5/107-2(1)(c), "A peace officer may arrest a person when he has reasonable grounds to believe that the person is committing or has committed an offense," which statutes violate the Fourth Article of the U.S. Bill of Rights.

44) Defendants were the proximate cause of said violation of Plaintiff's Constitutional right insofar as they either authorized, directed, and/or participated in said violation.

45) Defendants at all times and places relevant purported to be acting under the color of state law when they violated and were the proximate cause of the violation of Plaintiff's Constitutional right to be free from unreasonable seizure of his person, because they so alleged.

46) Plaintiff was injured by Defendants' actions in that he suffered loss of academic instruction and credits, imprisonment, loss of time and money in defending himself, and emotional and physical distress as a result of all of the above.

### PART VI. COUNT THREE: BILL OF RIGHTS' 14TH ARTICLE, UNCONSTITUTIONAL DEPRIVATION OF DUE PROCESS OF LAW

47) Plaintiff at all times and places relevant had a Constitutional right to be free from deprivation of due process of law.

13

48) Defendants at all times and places relevant had a duty not to deprive Plaintiff of his Constitutional right to due process of law.

49) Defendants violated Plaintiff's Constitutional right to due process of law when they subjected him to a student disciplinary hearing over his objection prior to the resolution of the criminal charges against him and when they committed various other due process violations during his disciplinary hearings.

50) Defendants also violated Plaintiff's Constitutional right to due process of law when they subjected him to their discipline based on school rules against such things as "abusive language" and "mental harm," per the SSC Code of Conduct (Exhibit D) and the "Behavioral Contract" (Exhibit E) that Defendant Lawrence unilaterially imposed upon him, which rules are unConstitutionally vague violations of the First Article of the U.S. Bill of Rights guaranteeing free speech.

51) Defendants were the proximate cause of said violation of Plaintiff's Constitutional right to be free from deprivation of due process of law insofar as they either authorized, directed, and/or participated in said violations.

52) Defendants at all times and places relevant purported to be acting under the color of state law when they violated and were the proximate cause of the violation of Plaintiff's Constitutional right, because they so alleged.

53) Plaintiff was injured by Defendants' actions in that he

suffered loss of academic instruction and credits, imprisonment, economic loss of time and money in defending himself, and emotional and physical distress as a result of all of the above.

## PART VII. COUNT FOUR:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54) Plaintiff at all times and places relevant had a common law right to be protected from Defendants' negligent infliction of emotional distress upon him.

55) Defendants at all times and places relevant had a common law duty of care to protect Plaintiff from negligently inflicting emotional distress upon him.

56) Defendants were negligent in the performance of their common law duty of care in that they should have known that their actions, as complained of above, were unlawful and would therefore inflict unnecessary emotional distress upon Plaintiff.

57) Defendants at all times and places relevant were the proximate cause of Plaintiff's emotional distress, because the actions and words of Defendants combined to directly affect the deprivation of Plaintiff's rights that caused Plaintiff's emotional distress.

58) Defendants at all times and places relevant purported to be acting under the color of state law, because they so alleged.

59) Plaintiff was injured by Defendants' actions in that he suffered loss of academic instruction and credits, imprisonment, loss of time and money in defending himself, and emotional and

physical distress as a result of all of the above.

PART VIII. COUNT FIVE:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(TORT OF OUTRAGE)

60) Plaintiff at all times and places relevant had a common law right to be protected from Defendants' intentional infliction of severe emotional distress upon him.

61) Defendants at all times and places relevant had a common law duty of care to refrain from intentionally inflicting severe emotional distress upon Plaintiff without lawful justification for doing so.

62) Defendants at all times and places relevant exercised power and authority over Plaintiff by virtue of their official positions.

63) Defendants intentionally inflicted severe emotional distress upon Plaintiff by subjecting him to deprivation of his Constitutional rights, and Defendant's infliction of emotional distress was without probable cause or articulable reasonable suspicion that Plaintiff had committed or was about to commit a crime according to well-settled law at the time.

64) Defendants at all times and places relevant were the proximate cause of intentional emotional distress inflicted upon Plaintiff, because the actions and words of Defendants at the combined to directly affect the violation of Plaintiff's rights that caused Plaintiff's emotional distress.

65) Defendants at all times and places relevant purported to be acting under the color of state law, because they so alleged.

66) Defendants should have known- and Plaintiff believes, based on their response to his own questioning of them, that they actually did know- that their deprivation of Plaintiff's Constitutional rights was both unlawful and very likely to generate severe emotional distress in Plaintiff as a result thereof.

67) Plaintiff was injured by Defendants' actions in that he suffered loss of academic instruction and credits, imprisonment, loss of time and money in defending himself, and emotional and physical distress as a result of all of the above.

## PART IX. CIVIL LIABILITY OF DEFENDANTS

68) Actions of Defendants were negligent, reckless, willful, and/or wanton, making Defendants liable, because said actions violated some well known Constitutional provisions, federal and state statutes, and well-settled case law designed to protect Plaintiff from the very acts that they committed against him, and because Defendants were indifferent to the logical consequences thereof- namely the inevitable financial loss and emotional and physical distress that would necessarily be expected to follow them.

69) All Defendants not specifically named in the body of this Complaint are deemed to have aided and abetted the actions of those who have been specifically named in the body of this

Complaint or who failed to supervise their subordinates.

## PART X. RELIEF REQUESTED

70) Leave to amend the complaint, pursuant to Fed.R.Civ.P. 15(a), once discovery is completed, and Defendants have raised objection according to Fed.R.Civ.P. 12(b)(6).

71) An order from the court explaining wherein the complaint is deficient and how to correct it.

72) Trial by jury on all issues triable by jury.

73) A declaratory judgment that the actions of Defendants violated each of the common law, Constitutional, and statutory rights of Plaintiff complained of herein.

74) A declaratory judgment that the Defendants are liable for each of the common law, Constitutional, and statutory causes of action brought herein.

75) Plaintiff's cost of the suit including a reasonable hourly rate for Plaintiff's pro-se work in this case, as determined by a jury.

76) Compensatory damages in the amount of $1,000,000.00 for violation of Plaintiff's Constitutional and statutory rights and $100,000 for loss of potential future income that would have flowed from Plaintiff's earlier award of his academic degree and for the emotional and physical pain and suffering of Plaintiff that resulted from Plaintiff's injuries at Defendants' hands, or other just amount as determined by a jury.

77) Interest on any compensatory damages awarded from the date on which Plaintiff was unlawfully seized to the date on which any award is received by Plaintiff.

78) Exemplary damages of an additional $100,000.00 from each defendant sued in his individual capacity, or in other just amount as determined by a jury.

79) Reinstatement of Plaintiff as a student at SSC in a manner that enables him to complete his course work that was half completed when he was expelled.

80) An order of this Court directing SSC to institute a Code of Conduct for Staff and Faculty that is subject to student complaint and a formal, written student grievance procedure that facilitates the redress of students' grievances against staff, faculty, and other students.

81) Such other relief as this court deems just, proper, and equitable.

## PART XI. VERIFICATION

82) Under the pain and penalty of perjury, the undersigned certifies that this instrument has been read by him, that it is well grounded in facts that originate in his own personal experience and/or in knowledge, information, and belief formed after reasonable inquiry, that it is warranted by existing law or a good faith argument for extension, modification, or reversal of existing law, and that is not interposed for any improper pur-

pose, such as to harass or to cause unnecessary proliferation of unmeritorious litigation.

Under the pain and penalty of perjury,

Davy Cady

Davy Cady

c/o P.O. Box 6169, Chicago, Illinois [60680]

Case 1:02-cv-08128 Document #: 1 Filed: 11/09/02 Page 21 of 32 PageID #:21



>> -----Original Message-----
>>From:      Coates, Jim
>>Sent:       Tuesday, February 19, 2002 3:57 PM
>>To:        Coates, Jim
>>Subject:
>>
>>Hello Mr. Cady,
>>
>>After discussions with SSC management and our faculty Union
>>representatives, I have the following answers to your two questions:
>>
>>QUESTION 1.  Establishment of a new code of conduct for instructors
>>
>>Answer:  Our faculty Union and SSC management have recently signed a
>>four-year agreement.  This agreement cannot be renegotiated until it
>>expires in four years.
>>
>>QUESTIONS 2. The establishment of a new student grievances procedure
>>against "anyone" working at SSC
>>
>>Answer:   All grievance procedures against "anyone" working at SSC are
>>contained in our catalogue.  If you are suggesting that we establish a
>>new grievance procedure against our faculty, this can only be addressed
> >in contract talks in four years (see above).
>>
>>Jim Coates

EXHIBIT A

1 of 1

390 (Court Branch)   05 Apr 02  1:00 p.m  #204 Markham Court

MISDEMEANOR COMPLAINT                                    (7-81) CCMC1-225

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
                Plaintiff

                v.                              NO. ..... **02MC6003811** ....

Cady, David W.
..........................
            Defendant

Betty Majors ........................................................... complainant, now appears before
        (Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

David W. Cady  251 Bartram Road Riverside, IL 60546 ............... I s, on or about
        (defendant)                                    (address)

...25 February 2002 .................... at 16333 S. Kilbourn Ave. Oak Forest, IL 60452
        (date)                              (place of offense)

committed the offense of .... Disorderly Conduct ...................................... in that he

... knowingly began yelling loudly and using profanity repeatedly to So. Suburban College...

    employee Betty Majors while in a public area, acting in such an unreasonable manner

    as to alarm and disturb Betty Majors, and provoke a breach of the peace.

............................................................................

............................................................................

in violation of Chapter .... 720 ........................................ Section .. 26-1(a)(1)..

ILLINOIS REVISED STATUTES

                                    *Betty Majors*
                                    ....................................
                                        (Complainant's Signature)

                                    16333 S. Kilbourn  Oak Forest, IL 60452
                                    (Complainant's Address)              (Telephone No.)

STATE OF ILLINOIS  }
COUNTY OF COOK     }  ss
                                    Betty Majors
                                    ....................................
                                        (Complainant's Name Printed or Typed)

being first duly sworn, on ........................................... oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

                                    *Betty Majors*
                                    ....................................
                                        (Complainant's Signature)

Subscribed and sworn to before me .................................................., 19....

                                    ....................................
                                        (Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,     Judge ....................................
        or                                              **EXHIBIT B**
Warrant Issued,     Bail set at, ....................................         Judge's No.
        or
Bail set at ........................................ Judge ....................................

                                                            Judge's No.

## AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

From: Davy Cady <davycady@juno.com>
To: jcoates@southsuburbancollege.edu
Cc: davycady@juno.com, wnaegele@southsuburbancollege.edu,
    dtweeten@southsuburbancollege.edu,
    gdammen@southsuburbancollege.edu
Date: Sat, 2 Mar 2002 21:19:49 +0000
Subject: Unaddressed Inquiries of Davy Cady
Message-ID: <20020302.212016.-240839.27.davycady@juno.com>

Mr. Coates,

1. Why didn't you follow netiquette and forward my "two questions" into your reply or otherwise competently allude to them?  As it stands, anyone- including me- who reads this email does not know precisely what "two questions" you are answsering.  Please have the email redone and retransmitted in accordance with proper netiquette.  Please be advised that my inquiry about Codes of Conduct, per various emails over the past year, pertain to both staff as well as faculty, so if you only responded to the subject of a Code of Conduct for Faculty, there's still the matter of a Code of Conduct for Staff (the two would probably be the same, in my view) to respond to.
2. Please email or snail mail a copy of that clause in the union contract that allegedly prohibits the establishment of a Code of Conduct for Faculty and/or Staff.
3. Yes, I know that "all grievance procedures against anyone working at SSC are contained in [the SSC] catalog."  That is precisely my complaint.  Because there IS NO general grievance procedure listed in the catalog, there needs to be.  So, as usual, we're back to square one.  Please repond substantively to my inquiries.
4. With every email that you issue I believe that a jury of my peers would find you to be utterly obfuscatory and subversive of communication and problem-resolution.  Perhaps this is why you hate to go on record in writing and why you recently told me on the telephone that you "don't have time to keep up with [your] emails."  Perhaps you will have time to keep up with them under a court order?
5. I am now ready to begin writing my student grievances against various personnel at SSC- not exclusively in the Paralegal or Business Depts.  In the absence of any official codes of conduct and general grievance procedure against staff and faculty and in the face of SSC's refusal to institute such a code and procedure, to which SINGLE individual at SSC should all of my grievances be directed?

Davy Cady

EXHIBIT C

1 of 1

# BEHAVIORAL CONTRACT

Name: Davy Cady          I.D.#000006840          D.O.B. 03/18/47

# IN ADDITION TO SERVING A SUSPENSION OF FIVE (5) SCHOOL DAYS, STARTING MONDAY, MARCH 18 THROUGH FRIDAY, MARCH 22, 2002, I WILL:

- Refrain from using profane or abusive language toward members of the College community.

- Comply with reasonable directions of College officials acting in the performance of their duties.

- Abstain from engaging in any verbal or nonverbal communication which creates the fear of physical or mental harm toward members of the College community.

I understand that violations of this Behavioral Contract will result in further sanctions, up to and including dismissal, as outlined in the Student Code of Conduct.

*REFUSED TO SIGN*
*3/18/02   9:20 AM*

_____ 3/18/02          _____
Signature                    Date          Signature                 Date
Dean of Student Development                Student

*WITNESS: Ellen Oatley*

Upon written request by the student to the Dean of Student Development within five (5) school days of the imposition of any of the above sanctions, the Dean will schedule a meeting of the Disciplinary Standards Committee, within a reasonable time thereafter, to review the Dean's action. At the review, the student may be present to discuss the matter with the Committee. The Committee may take such action as it finds appropriate, and give the verdict to the student within two (2) school days after the meeting.

*EXHIBIT D*

(15)

# CODES OF CONDUCT

It is the responsibility of every student to become familiar with the College's Academic and Student Codes of Conduct. Questions regarding the Codes can be directed to the Vice President for Student Services at (708) 596-2000, ext. 5728.

## Academic Code of Conduct

The Academic Code of Conduct has been developed to maintain an atmosphere conducive to developing optimum classroom educational experiences for all members of the College community. Conduct in violation of this code includes, but is not limited to, the following:

    a. Any act of cheating, plagiarism, electronic data theft or fraud related to the instructional processes of South Suburban College. The academic sanction will be determined by the Instructor. (Refer to Student Grade Appeal Process below.)

    b. Any acts of classroom disruption that go beyond the normal rights of students to question and discuss with instructors the instructional process relative to subject content.

A student accused of such disruption will be referred to the Vice President for Student Services by either Faculty or Administrative Staff members. Upon referral, the Vice-President shall convene a meeting of the student, the Instructor and the Academic Conduct Committee within five school days. The student may not return to class until this meeting has been held.

That Committee may impose any one of the following sanctions:

    a. Warning

    b. Mandatory Withdrawal from the course

    c. Expulsion from the College.

The decision of the Academic Conduct Committee is final. The vice president for students services is to notify the student in writing of the decision reached by the Committee.

## Student Code of Conduct

**Dress**

Dress codes are flexible, but students may be requested to leave the campus if a mode or style of dress interferes with academic processes.

**Conduct**

The Code of Conduct has been developed to maintain an atmosphere conducive to developing optimum educational experiences for all members of the College community. Conduct in violation of this code includes, but is not necessarily limited to, the following:

- Use or occupation of any space or facilities owned or leased by the College at any time without authorization of the Board of Trustees or approval of appropriate College administrators;
- Attempts to prevent or obstruct the passage of faculty and/or students to and from classes or activities sponsored by the College;
- Preventing or attempting to prevent any member of the College community or any visitor from carrying out assigned duties or lawful business;
- Willful destruction or damage to College property;
- Blocking pedestrians or vehicular traffic on or near College facilities;
- Activity which endangers personal mental or physical health, safety or physical welfare of any person;
- Violation, while on College facilities, of a municipal, county, state or federal law, statute or ordinance;
- Refusal to comply with reasonable directions of College officials acting in the performance of their duties;
- Any act of dishonesty toward the College including (but not limited to) cheating, plagiarism, misuse of College documents or records, forgery, or knowingly furnishing false information to the College, or to others in the name of the College;
- Disorderly conduct or any conduct considered lewd, indecent, or obscene, including profane or abusive language toward members of the College community;
- Possession, sale, use, consumption or distribution of alcoholic beverages or controlled substances or being under the influence of such items on any College owned, rented or leased property, or at an officially sponsored College event on or off campus except an off campus activity where all in attendance meet the minimum age requirement established by law, and the location of the activity does not prohibit such beverages;
- Possession or use of firearms, explosives, harmful or dangerous chemicals or other weapons capable of inflicting injury to persons or damage to property, except as permitted by College regulations;
- Gambling on College property that is owned, rented, contract-affiliated or leased, unless the activity has been approved by the College and is permitted by law.

Violation of this code of conduct is considered grounds for sanction against the party or parties involved and, if the situation should warrant, binding over to civil authorities for appropriate action.

## Due Process for the Student Code of Conduct

A student accused of a violation of the Code of Conduct will be referred to the Vice President for Student Services, who will attempt to ascertain whether the student is guilty of the violation. If such a violation is determined, one of the following sanctions will be imposed:

1. The Vice President, individually, may impose the following sanctions:

    a. WARNING: Student is warned and/or reprimanded that the College has taken note of his/her action and further violations of the Student Code of Conduct may result in probation, suspension or dismissal depending upon severity of the incident.

    b. SOCIAL PROBATION: Period of time during which the student's (individual) behavior is observed to determine future attendance at the College. The student will receive written notification of his/her probation.

    c. BEHAVIOR CONTRACT: Prescribed behavior, by the Vice President for Student Services, agreed to in writing by the student.

    d. RESTITUTION: Reimbursement for damage to or misappropriation of property. This may be in conjunction with other types of disciplinary action.

    e. SUSPENSION: (Not to exceed ten [10] school days per offense) Attendance of the student is terminated. Length is determined by the intent of the disciplinary action.

Upon written request by the student to the Vice President for Student Services within five (5) school days of the imposition of any of the above sanctions, the Vice President will schedule a meeting of the Disciplinary Standards Committee, within a reasonable time thereafter, to review the Vice President's action. At the review, the student may be present to discuss the matter with the Committee. The Committee may take such action as it finds appropriate, and give the verdict to the student within two (2) school days after the meeting.

If the Vice President for Student Services determines that a suspension in excess of ten (10) days, or dismissal (the student should be expelled from the College and is not allowed to return) may be warranted, the College Disciplinary Standards Committee shall be convened within five (5) school days. An advance notice of the hearing shall be given to the student. At the hearing, the student may be represented and may cross examine any witness who testifies. The Committee shall then consider the facts and if a violation has occurred, recommend an appropriate sanction. The Committee will then pass on a written report of its actions to the Vice President of Student Services or a designee he/she appoints. In turn, the Vice President is to notify the student, in writing, of the committee's decision.

Suspension or dismissal is mandatory for offenses of:

- physical harm, or threat of physical or mental harm, to College employees and/or students and any other members of South Suburban College or its visitors;
- any conduct, or threat of conduct, considered lewd, indecent or obscene;
- sale or distribution of any narcotic, drug, marijuana, depressant or other addictive or hallucinogenic substance not expressly permitted by law on College property, either owned, contracted, rented or leased;
- possession or use of firearms, explosives, harmful or dangerous chemicals or other weapons capable of inflicting injury to persons or damage to property, not otherwise permitted by College regulations.

EXHIBIT E

6-490      08 May 2002    South Suburban College P.D.

(Court Branch)         (Court Date)

MISDEMEANOR COMPLAINT                                                (7-81) CCMC1-225

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
Plaintiff

# 02MC60U6932

v.                               NO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Cady, David W.

. . . . . . . . . . . . . . . . . . . . . . . . .
Defendant

Frederick P. Woolery
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . complainant, now appears before
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

Cady, David W.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . has, on or about
(defendant)                           (address)

17 April 2002
. . . . . . . . . . . . . . . . . . . . . . . at . . 16333 S. Kilbourn Ave. Oak Forest, Il. 60452 . . . . . . .
(date)                             (place of offense)

Disorderly Conduct
committed the offense of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . in that he

Knowingly invited Frederick P. Woolery outside for a physical confrontation. While in

class he was acting in such an unreasonable manner as to alarm and disturb Frederick P.

Woolery, and provoked a breach of peace.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                    720
in violation of Chapter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Section . 26-1(a)(1) . .

ILLINOIS REVISED STATUTES

                                         (Complainant's Signature)    708-841-65
                            15219 S. Evers St. Dolton, Il. 60419

STATE OF ILLINOIS    |
                         | ss         (Complainant's Address)              (Telephone No.)
COUNTY OF COOK   |
                                Frederick P. Woolery
                              (Complainant's Name Printed or Typed)

being first duly sworn, on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

                                               (Complainant's Signature)

Subscribed and sworn to before me . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , 19. . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                   (Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
there is probable cause for filing same. Leave is given to file said complaint.

                                  EXHIBIT Fa

Summons issued,
       or         Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Warrant Issued,                                              Judge's No.
       or         Bail set at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Bail set at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Judge . . . . . . . . . . . . . . . . . . . . .

                                                    Judge's No.

## AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

16501 S. Kedzie Pwky Markham, Il. 60426
6-490            08 May 2___ 1:00 p.m. South Suburban College .D.   CY
(Court Branch)          (Court Date)

MISDEMEANOR COMPLAINT                                    (7-81) CCMC1-225

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
Plaintiff

# 02MC60u6932

v.                                      NO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Cady, David W.
. . . . . . . . . . . . . . . . . . . . . .
Defendant

Woolery, Frederick P.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . complainant, now appears before
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

Cady, David W. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . has, on or about
(defendant)                                    (address)

. . .17 April 2002 . . . . . . . . . . . . . . . . .at .16333 S. Kilbourn Ave Oak Forest, Il. 60452 . . . . . . . . . . . .
(date)                          (place of offense)

committed the offense of . . . . . . . . . . . . . . Assault . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . in that he

Intentionally argued with Frederick P. Woolery and told him to step out of the classroom and
outside of the building for a physical confrontation. Thereby placing Frederick P. Woolery
in a reasonable apprehension of receiving a battery.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

in violation of Chapter . . . . . . . . . . . . . . 720/5 . . . . . . . . . . . . . . . . . . . . . . Section . . 12-1(a) . . .

ILLINOIS REVISED STATUTES

X . . . . . . . . . . . . . . . . . . . . . . . .
(Complainant's Signature)

15219 S. Evers Dolton, Il. 60419  708-841-6
(Complainant's Address)                          (Telephone No.)

STATE OF ILLINOIS  }
COUNTY OF COOK     }  ss

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Complainant's Name Printed or Typed)

being first duly sworn, on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

X . . . . . . . . . . . . . . . . . . . . . . . .
(Complainant's Signature)

Subscribed and sworn to before me . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , 19. . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
there is probable cause for filing same. Leave is given to file said complaint.     EXHIBIT FG

Summons issued,     Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    or                                                                        Judge's No.
Warrant issued,     Bail set at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    or
Bail set at . . . . . . . . . . . . . . . . . . . . . . . Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                                        Judge's No.

## AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**From:** Davy Cady <davycady@juno.com>
**To:** glawrence@southsuburbancollege.edu
**Cc:** davycady@juno.com
**Date:** Thu, 25 Apr 2002 07:17:44 +0000
**Subject:** disciplinary hearing

Mr. Lawrence,

Per our telcon yesterday, I hereby repeat my requests: 1) that you postpone today's disciplinary hearing until after the criminal prosecutions that you have instigated against me involving the same fact scenarios have been fully adjudicated to avoid unlawfully coercing me into surrendering my Constitutional right to avoid self-incrimination in a criminal prosecution, and 2) that if, as you told me yesterday, the Discipline Review Committee will be factoring "previous incidents" into its decisions, and since, as you know, you denied me a hearing with live witnesses or recordation with regard to the incident of February 25, and since, as you told me, the hearing today is to be "solely about the incident of April 17", you must therefore also require the presence at today's hearing of the complainant of the February 25 incident, and Sgt. Righter and Ms. Grace LaFabvre, Ms. Paulette Hall of the UCC Internet Library and the unnamed female DePaul University receptionist, who staffed the desk in UCC Rm. 5350 on the evening of February 24, so that their live testimony may be received and so that they may be examined by myself and by the Committee, barring which due process will not have been extended to me. I assume that Off. Raoul Aurevalo will be present, as his presence would also be required. I also, per our telcon yesterday, repeat my request that the SSC Chief of Police be present for live testimony today, since he (or someone whom SSC police officers were to referring to as "Chief") was on the scene at my arrest on April 17.

Davy Cady

EXHIBIT G



**SOUTH SUBURBAN COLLEGE**
*Celebrating 75 years of education in the community*

May 1, 2002

Mr. Davy Cady
P.O. Box 6169
Chicago, IL  60680

Dear Mr. Cady:

The College Disciplinary Standards Committee conducted a hearing on April 25, 2002 in accordance with the Student Code of Conduct to consider disciplinary action against you as a consequence of the incident which occurred on April 17, 2002 and resulted in your arrest.  The Committee has considered the facts of the case and has recommended as an appropriate sanction that you be expelled from South Suburban College and not allowed to return.  Accordingly, you are hereby notified that you are permanently expelled from South Suburban College and that you are not allowed to return to the College.

Respectfully,

Gregory V. Lawrence
Dean of Student Development

GVL/sw

*EXHIBIT H*

**15800 S. State St., South Holland, IL 60473 • 708/596-2000 • www.ssc.cc.il.us**
Board of Trustees: Frank M. Zuccarelli, *Chairman* • John A. Daly, *Vice-Chair* • Anthony P. DeFilippo • Katie Jackson Booker
Jacqueline Martin • Terry R. Wells • Patricia Wojcikowski • George Dammer, *College President*



**SOUTH SUBURBAN COLLEGE**
*Celebrating 75 years of education in the community*

May 22, 2002

Mr. Davy Cady
P. O. Box 6169
Chicago, IL 60680

RE:  **NOTICE TO DAVY CADY OF FINAL DECISION OF PERMANENT
      EXPULSION FROM SOUTH SUBURBAN COLLEGE**

Dear Mr. Cady:

The College Disciplinary Standards Committee conducted a hearing on
April 25, 2002 in accordance with the Student Code of Conduct to
consider disciplinary action against you as a consequence of the incident
that occurred on April 17, 2002 and resulted in your arrest. The
Committee has considered the facts of the case and has recommended as
an appropriate sanction that you be expelled from South Suburban
College and not allowed to return. Accordingly, you are hereby notified
that you are permanently expelled from South Suburban College and that
you are not allowed to return to the College.

You are further notified that although the Illinois Public Community
College Act does not provide for administrative review under the Illinois
Administrative Review Law of this final decision, court review may be had
in the Circuit Court of Cook County under a common law complaint for a
writ of certiorari commenced within 35 days from the date the final
decision of the College was served upon you.

Respectfully,

*Gregory V. Lawrence*

Gregory V. Lawrence
Dean of Student Development

EXHIBIT I

**Board of Trustees:** Frank M. Zuccarelli, *Chairman* • John A. Daly, *Vice-Chair* • Anthony P. DeFilippo • Katie Jackson Booker
Jacqueline Martin • Terry R. Wells • Patricia Wojcikowski • George Dammer, *College President*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of _Davy Cady_

_v._

_South Suburban College and_
_SSC Board of Trustees_

**02C 8128**

Number

JUDGE PLUNKETT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

_Pro Se_

MAGISTRATE JUDGE BOBRICK

| (A) | | (B) | |
|---|---|---|---|
| **SIGNATURE** _Davy Cady (pro se)_ | | **SIGNATURE** | |
| **NAME** _Davy Cady_ | | **NAME** | |
| **FIRM** | | **FIRM** | |
| **STREET ADDRESS** _PO Box 6169_ | | **STREET ADDRESS** | |
| **CITY/STATE/ZIP** _Chicago, IL 60680_ | | **CITY/STATE/ZIP** | |
| **TELEPHONE NUMBER** | **FAX NUMBER** | **TELEPHONE NUMBER** | **FAX NUMBER** |
| **E-MAIL ADDRESS** | | **E-MAIL ADDRESS** | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | |
| **MEMBER OF TRIAL BAR?** | YES ☐ NO ☐ | **MEMBER OF TRIAL BAR?** | YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** | YES ☐ NO ☐ | **TRIAL ATTORNEY?** | YES ☐ NO ☐ |
| | | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ NO ☐ |

| (C) | | (D) | |
|---|---|---|---|
| **SIGNATURE** | | **SIGNATURE** | |
| **NAME** | | **NAME** | |
| **FIRM** | | **FIRM** | |
| **STREET ADDRESS** | | **STREET ADDRESS** | |
| **CITY/STATE/ZIP** | | **CITY/STATE/ZIP** | |
| **TELEPHONE NUMBER** | **FAX NUMBER** | **TELEPHONE NUMBER** | **FAX NUMBER** |
| **E-MAIL ADDRESS** | | **E-MAIL ADDRESS** | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | |
| **MEMBER OF TRIAL BAR?** | YES ☐ NO ☐ | **MEMBER OF TRIAL BAR?** | YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** | YES ☐ NO ☐ | **TRIAL ATTORNEY?** | YES ☐ NO ☐ |
| **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ NO ☐ | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ NO ☐ |

FILED NOV 18 2002

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*Davy Cady*

## DEFENDANTS

*South Suburban College and S.S.C. Board of Trustees et al*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _*Cook*_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _*Cook*_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## 02C 8128

JUDGE PLUNKETT

MAGISTRATE JUDGE BOBRICK

NOV 1 2 2002

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

*Deprivation of 1st, 4th, & 14th Article Bill of Rights, plus various state torts*

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $*1,000,000 etal*

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ YES  ☐ NO

## VIII.  This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE *11-8-02*

SIGNATURE OF ATTORNEY OF RECORD
*Davy Cady (pro se)*

FOR DISTRICT COURT