# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8128 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Cady vs. South Suburban College, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motions to dismiss plaintiff's claims for lack of jurisdiction and failure to state a claim on which relief can be granted are granted. Accordingly, this action is dismissed with prejudice. Plaintiff's motions for sanctions are denied. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3/26/04 | |
| | Notified counsel by telephone. | | date docketed | 86 |
| | Docketing to mail notices. | | G~ | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/25/2004 | |
| | | 2004 MAR 25 PM 4:51 | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVY CADY, )
)
        Plaintiff, )
)
v. ) No. 02 C 8128
)
SOUTH SUBURBAN COLLEGE, ET AL., )
)
        Defendants. )

DOCKETED
MAR 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Davy Cady, a former student of defendant South Suburban College ("SSC"), filed a 155-page, 49-count complaint naming as defendants a number of his fellow students, the college's lawyer, its president and other officials, its board of trustees, various teachers and campus police officers. In my order of November 14, 2003, I dismissed counts 1-4, 7, 8, 9, 10, 12, 17-21, 24, 25, 28, and 29, as well as a number of defendants. The remaining defendants now move for dismissal of the remaining claims for lack of jurisdiction and failure to state a claim on which relief can be granted. I GRANT the motions to dismiss, with prejudice, all remaining counts and defendants. Mr. Cady also moves for sanctions against various defense attorneys. I DENY the motions for sanctions.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, and grant the motion only if the plaintiff can prove no set of facts to support his claim. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). However, a plaintiff can plead himself out of court by

86

pleading facts that undermine the allegations set forth in his complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

First, I will address Mr. Cady's constitutional claims under 42 U.S.C. § 1983. In Counts 5, 6, 34, and 35, Mr. Cady alleges First Amendment violations. Plaintiff's argument in support of Counts 5 and 6 appears to be premised on the faulty belief that his right to petition the government for redress of grievances requires the government (in this case, a public college) to provide him with a formal forum for doing so. This is not the case, and therefore Mr. Cady alleges no constitutional injury in these counts. Counts 34 and 35 are likewise premised on an apparent misunderstanding of the First Amendment right. The "injuries" cited by Mr. Cady – including incidents of professorial discretion regarding whether certain speech is appropriate in the classroom, editorial discretion regarding whether to print a letter to a newspaper, a school punishing a student for using vulgarity towards community members or for suggesting that an argument with a classmate be "taken outside," and a school requiring that an expelled student refrain from entering the campus for any purpose – simply are not constitutional torts. The motion to dismiss is GRANTED as to Counts 5, 6, 34, and 35.

In Counts 13-16, Mr. Cady alleges Fourth Amendment violations in connection with the detention and arrest of Mr. Cady by campus

police following a dispute with Betty Majors, an SSC employee. Arresting officers' reasonable belief that probable cause is present is an absolute defense to a charge of unlawful arrest. *Eversole v. Steele*, 59 F.3d 710, 717-18 (7th Cir. 1995). As the exhibits to the complaint make clear, Ms. Majors signed a complaint alleging that Mr. Cady frightened her by using profanity and yelling loudly at her in a public place. Mr. Cady himself admits that he peacefully but "emphatically expressed his exasperation and indignation." "Qualified immunity protects public officials from civil suit based on their discretionary functions except where such conduct violated 'clearly established' federal law." *Burns v. Reed*, 44 F.3d 524, 526 (7th Cir. 1995). The contours of the right must be so clear that any reasonable official would know that his actions violate the right. *Id.* The plaintiff bears the burden of meeting this standard. *Id.* The defendant officers here are entitled to qualified immunity based on their reasonable belief that the arrest was justified. The motion to dismiss is GRANTED as to Counts 13-16.

Counts 30 and 31 purportedly state violations of Mr. Cady's right to due process. A procedural due process claim requires a two-part inquiry: whether the plaintiff was deprived of a protected interest and if so, whether he received the process that was due. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). It is not clear whether Mr. Cady has alleged that he was deprived of any protected interest. There is no general constitutional right to

3

higher education. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973). A property interest may arise from rights created by state statutes or by contracts with public entities, but Illinois has not identified a property right in post-secondary education. *Galdikas v. Fagan*, 342 F.3d 684, 692 (7th Cir. 2003)[1]. Mr. Cady does not identify any statute or contract as the source of the property right he was allegedly deprived of. At any rate, qualified immunity protects the defendants on this claim because the property right here is ill-defined, and thus I cannot say that any reasonable official would realize that Mr. Cady's rights were being violated. *Burns*, 44 F.3d at 526. The motion to dismiss is GRANTED as to Counts 30 and 31.

In Counts 32 and 33, Mr. Cady suggests that SSC's Student Code of Conduct imposes an unconstitutional restraint on freedom of speech and is "void for vagueness." A rule or regulation can be facially unconstitutional if it is overbroad (that is, it forbids constitutionally protected conduct) or if it is so vague that ordinary people cannot understand what conduct is prohibited and non-arbitrary enforcement is impossible. *Fuller v. Decatur Pub.*

---

[1] The *Galdikas* court cites to *Lee v. Bd. of Trs. of W. Ill. Univ.*, No. 98-C4038, 2000 U.S. App. LEXIS 418 (7th Cir. Jan. 5, 2000), which concerned a procedural due process claim brought by two students who had been expelled from an Illinois public university following an allegedly unfair administrative hearing. In that unpublished case, the Seventh Circuit found that because the students had "failed even to suggest a source of a property interest in their continued attendance at WIU that would be recognized under Illinois law, they necessarily failed to allege a violation of an actual constitutional right." *Id.* at *8.

4

*Sch. Bd. of Educ. Sch. Dist. 61*, 251 F.3d 662, 666 (7th Cir. 2001). The complained-of regulations pass these tests. Mr. Cady objects to language in the Code of Conduct which prohibits "activity which endangers personal mental or physical health ... of any person" and the use of "abusive language toward members of the College community." Because of a school's need to be able to impose discipline for a wide variety of unanticipated conduct that may disrupt the educational process, "school disciplinary rules need not be as detailed as a criminal code which imposes criminal sanctions." *Id.* at 667. Any ordinary, reasonable person could understand the SSC code, and it prohibits no protected speech. The motion to dismiss is GRANTED as to Counts 32 and 33.

In Counts 40 and 41, Mr. Cady alleges that defendants' actions constitute a pattern of "fraudulent higher education activities" in violation of the Racketeer Influence and Corrupt Organizations statute (RICO). As predicate acts, Mr. Cady suggests that defendants stole evidence, committed perjury, and tampered with witnesses in connection with his disciplinary hearing, and perpetrated an "educational swindle" by sending information to students in Indiana. The only acts alleged which could possibly constitute predicate acts under RICO are the allegations that defendants caused unnamed persons to file unspecified phony police reports and that defendants "lied on the witness stand." In order to establish RICO liability based on fraud, a plaintiff must allege

5

a pattern of acts with particularity, subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, which require that the plaintiff state "the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). The allegations of the complaint, taken as a whole, fall far short of the sort of scheme contemplated by Congress in enacting RICO — that is, an independent enterprise engaged in a systematic pattern of illegal activity. The motion to dismiss is GRANTED as to Counts 40 and 41.

In Counts 42 and 43, Mr. Cady alleges that he was subjected to malicious prosecution. The presence of probable cause is a complete defense to a claim of malicious prosecution, *Penn v. Chicago State Univ.*, 162 F. Supp. 2d 968, 975 (N.D. Ill. 2001) (Leinenweber, J.), and just as there was probable cause to arrest Mr. Cady, his own admissions establish that there was probable cause to hold a hearing regarding his behavior on campus. Furthermore, in order to sustain such a claim, the proceedings must have terminated in the plaintiff's favor, *id.*, and that is not the case here. The motion to dismiss is GRANTED as to Counts 42 and 43.

In Counts 36 and 37, Mr. Cady asks this court to review an administrative decision of an arm of the State of Illinois under a

"common law certiorari appeal" statute. That statute permits persons aggrieved by the outcome of state administrative hearings to seek relief in state court within six months of the hearing. *Holstein v. City of Chicago*, 803 F. Supp. 205, 210 (N.D. Ill. 1992) (Williams, J.). Filing such claims in federal court is not an option, and the six-month deadline for filing in state court has long since passed. *Id.* at 211. Mr. Cady has waived his right to common law certiorari, and the motion to dismiss is GRANTED as to Counts 36 and 37.

In Counts 11, 22, 23, 26, 27, 38, 39, and 44-49 (invasion of privacy/false light/libel, making false crime reports, intimidation, breach of contract, perjury/subornation of perjury, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, "the civil equivalent of official misconduct," and conspiracy to commit the same), Mr. Cady alleges claims which sound, if they sound at all, solely in state law. The failure of Mr. Cady's federal claims deprives this court of subject-matter jurisdiction over these claims. Therefore, the motion to dismiss is GRANTED as to these counts as well.

Mr. Cady's motions for sanctions against defense counsel under Rule 11(b) are wholly meritless. He moves for sanctions against defense counsel Daniel Cannon based on statements Mr. Cannon made in open court on September 10, 2003. Presiding in court on that day, I heard Mr. Cannon say nothing inappropriate. Furthermore,

Rule 11(b) addresses only written materials filed with the court, not spoken words. Mr. Cady moves for sanctions against defense counsel Paulette Petretti for stating in a memorandum in support of motion to dismiss that plaintiff explained "why he used profanity and disturbed the peace" and that plaintiff "concedes he was disruptive." The fact that Mr. Cady disagrees with this interpretation of statements he has made does not make Ms. Petretti's statements actionable. Finally, Mr. Cady moves for sanctions against defense counsel James Vlahakis because in a motion to dismiss he stated that Mr. Cady is "an experienced *pro se* litigator" and noted that Mr. Cady has filed five other lawsuits. I agree with that characterization of Mr. Cady, but even if I did not, its inclusion in a motion to dismiss would not even approach the type of attorney misconduct sanctionable under Rule 11. The motions for sanctions are DENIED in their entirety.

ENTER ORDER:

_Elaine E. Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: March 25, 2004

8